951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Ray WAIT, Defendant-Appellant.
 No. 90-50660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Dec. 11, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm Wait's conviction on five counts of bank robbery and his sentence.
 
 
 3
 We reject Wait's argument that the district judge's prior contact with Wait made recusal appropriate. The fact Wait had appeared as a witness before the judge fifteen years earlier, an appearance the judge did not recall, is insufficient to question the judge's impartiality. See United States v. Hamilton, 792 F.2d 837 (9th Cir.1986) (no abuse of discretion where the trial judge refused to recuse himself from a case involving a defendant who had appeared before him fifteen years earlier and of whom the judge claimed no memory).[1]
 
 
 4
 Although the supporting affidavit submitted by Wait alleges bias against Wait, the facts asserted do not support this boilerplate allegation.[2] On the contrary, the affidavit appears to reflect an attitude favorable to Wait, not against him.
 
 
 5
 We also reject Wait's argument that the district judge's failure to decide in advance of trial whether Wait would be sentenced as a career offender deprived Wait of effective assistance of counsel.
 
 
 6
 Wait's reliance upon ineffective assistance of counsel cases dealing with the importance of knowledge of possible penalties in the context of guilty pleas, see, e.g., Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986) (a defendant must have sufficient awareness of likely consequences of pleading guilty "[b]ecause a guilty plea is a waiver of the Fifth Amendment's protection against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers") is misplaced. The theoretical underpinning of these cases is absent since Wait went to trial and therefore waived no rights, and Wait had no constitutional right to plea bargain. United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987) (citing Weatherford v. Bursey, 429 U.S. 545, 561 (1977)). The facts do not reflect an inaccurate prediction by defense counsel of the probable outcome, much less a "gross mischaracterization," required to establish deficient performance. Iaea, 800 F.2d at 865. Indeed they reflect no prediction at all. Defense counsel informed Wait there was a possibility he would be sentenced as a career offender. The fact that counsel did not know in advance whether the court would hold Wait to be a career offender is not a prediction at all. The essence of Wait's claim appears to be that the district court deprived him of some right by failing to rule on the motion in limine. Wait cites no authority holding the judge must determine the range of the potential sentence before trial and we decline to hold that such a ruling is required.
 
 
 7
 Wait asserts the court erred in excluding evidence of a duress defense on the ground Wait failed to offer evidence he had no reasonable opportunity to escape. Wait does not explain what obstacle other than his own addiction prevented him from avoiding the alleged threats from his drug dealers by paying his past debts and discontinuing the purchase of drugs after the first robbery. See United States v. Jennell, 749 F.2d 1302, 1306 (9th Cir.1984) (although defendant was threatened with a shot gun unless he smuggled marijuana, the court concluded the showing of no reasonable means of escape was not sufficient since defendant was involved in a series of crimes over a period of a year and presented no evidence he could not have dropped out at any time).[3]
 
 
 8
 Wait argues he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1. The parties agree the 1986 conviction for felony battery on a police officer qualifies as a crime of violence that occurred within the period provided by the guideline. The only question is whether there is a second conviction that also met the standards of § 4B1.1.
 
 
 9
 Wait argues that his 1969 conviction did not qualify because it did not meet the requirement that the incarceration extend into the fifteen year period prior to the commencement of the instant offense. See U.S.S.G. § 4A1.1 application note 1. Wait alleges that he was released much earlier than the April 1976 date found in the pre-sentence report. In determining the correct date the district court relied on the Order of Discharge from the California Youth Authority (CYA) which bore the case number of the 1969 conviction and indicated a release date of August 13, 1976, and the CYA registration card documenting Wait's custodial history which bore the same release date. In light of Wait's failure to provide any documentation that he was released at an earlier date, the district court's finding that Wait was in custody within 15 years of the commencement of the instant offense on March 1, 1990 was not clearly erroneous. The 1986 and 1969 convictions therefore satisfy the requirements of the career offender guideline.[4]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wait's citation to Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 859 (1988) is unavailing. Liljeberg involved a judge who was on the board of trustees of a university which stood to gain if the defendant prevailed in the case pending before the judge. The Court held that these facts created the appearance of impropriety. Id. at 860. The district judge had no pecuniary interest in the outcome in this case
 
 
 [2]
 Wait's argument that the judge's failure to permit the introduction of evidence of duress supports a finding of partiality is meritless. Allegations involving a judge's performance while presiding over a case do not provide a basis for recusal because they do not stem from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)
 
 
 [3]
 United States v. Williams, 791 F.2d 1383 (9th Cir.1986), cited by Wait, is distinguishable. In that case, the defendant claimed that he was forced at knifepoint to participate in a prison escape. When he refused, he was forced into a truck and threatened with death. Wait was never physically forced into any of the banks he robbed. The threats occurred on the days prior to the robberies. Unlike Williams, Wait could have avoided the cause of the coercion by voluntary acts other than submission
 
 
 [4]
 The 1976 robbery conviction also meets the standard of U.S.S.G. § 4B1.1. This court held in United States v. McDougherty, 920 F.2d 569, 573 (9th Cir.1990), that a conviction under the California statute in question here was a "crime of violence" for purposes of the career offender provisions