972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Andrew FRIEDMAN, Petitioner-Appellant,
v.
Jack McCORMICK, Respondent-Appellee.
 No. 91-35856.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth A. Friedman, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Friedman was convicted by guilty plea for sexual intercourse without consent and aggravated assault. He was sentenced to consecutive sentences of 20 years for each count. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part, reverse in part, and remand for an evidentiary hearing and appointment of counsel.
 
 Evidentiary Hearing
 
 3
 Friedman's only assignment of error is that the district court erred by dismissing his habeas petition without first holding an evidentiary hearing and appointing counsel. The district court must hold an evidentiary hearing if (1) the petitioner's allegations, if they were true, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312-13 (1963); see also Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984). An evidentiary hearing also is required where the petitioner alleges occurrences outside the record which are not patently frivolous. 28 U.S.C. § 2254(d)(8); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989); United States v. Barrows, 872 F.2d 915, 917 (9th Cir.1989). When a district court denies a habeas petition without an evidentiary hearing, it must make specific findings and conclusions in order to show that it has independently reviewed the record. Lincoln v. Sunn, 807 F.2d 805, 808-09 (9th Cir.1987). Appointment of counsel is mandatory for indigent petitioners when an evidentiary hearing is required. Rule 8, 28 U.S.C. foll. § 2254; Bashor, 730 F.2d at 1234.
 
 
 4
 Friedman contends that an evidentiary hearing is required for all the claims raised in his petition, arising out of two state habeas petitions. In the first state habeas petition, Cause No. 85-141, Friedman alleged that prison authorities denied his right to take kosher meals and to practice his religion. The district court concluded that these allegations cannot be raised on a habeas petition because they do not allege that Friedman is being imprisoned in violation of his constitutional rights. We agree with the district court concerning these claims.
 
 
 5
 Friedman's second state habeas petition, Cause No. 84-476, raised 16 claims for relief. The Montana Supreme Court dismissed the petition without a hearing on the ground that Friedman's guilty plea was a waiver of each claim that he raised. The district court, applying the balancing test established in Matthews v. Eldridge, 424 U.S. 319, 334-35 (1976), held that Friedman was not deprived of his due process rights by the state court's denial of a hearing. We hold that the majority of Friedman's claims were properly denied but reverse the district court's opinion based upon three claims.
 
 Coerced Guilty Plea
 
 6
 Friedman alleges that his guilty plea was coerced by the actions of defense counsel. The voluntariness of a guilty plea is a mixed question of fact and law and is reviewed de novo. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). A guilty plea can be rendered involuntary by the actions of defense counsel. Iaea v. Sunn. 800 F.2d 861, 867 (9th Cir.1986). In Iaea, the court remanded the case to the district court for an evidentiary hearing to determine whether counsel's threat to withdraw if the defendant did not plead guilty rendered the plea involuntary, particularly after the defendant dismissed previous counsel due to similar coercion. Iaea, 800 F.2d at 867.
 
 
 7
 Friedman alleges that counsel would not prepare a defense if Friedman did not plead guilty. Furthermore, Friedman dismissed his previous counsel because of similar pressure to plea. In addition, Friedman's allegations, discussed further below, suggest that there was ample evidence upon which counsel could have raised a defense. The district court did not make any specific findings concerning this claim as required by Lincoln, 807 F.2d at 808-09. Because Friedman's allegations, if true, would entitle him to relief under Iaea, we remand this case to the district court for an evidentiary hearing concerning this claim. Townsend, 372 U.S. at 312-13.
 
 Ineffective Assistance of Counsel
 
 8
 Friedman contends that counsel's ineffective assistance rendered his guilty plea involuntary. A petitioner must show that counsel's performance fell below a reasonable range of competence to the extent that, but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). This court has held that counsel was ineffective where the defendant pleaded guilty and received a life sentence after his counsel told him that he had a good chance of getting probation if he pled, and would almost surely not get an extended sentence. Iaea, 800 F.2d at 865.
 
 
 9
 Friedman, through numerous affidavits, alleges that he had an exculpatory witness willing to testify which counsel ignored. He also alleged that one of the complaining witnesses went through a line-up at least four times before choosing Friedman, and identified him only after questioning by the police concerning why she had not chosen Friedman. According to Friedman, counsel would not object to the line-up procedure despite his request to do so. In addition, Friedman alleges that counsel stated that he would not receive more than 20 years if he pled, and failed to mention the possibility of concurrent sentences or the fact that Friedman might be designated a dangerous offender, which he was at sentencing.[1]
 
 
 10
 The district court dismissed this claim without applying the standard under Hill v. Lockhart, 459 U.S. at 57. In addition, the district court made no specific findings concerning this claim as required by Lincoln, 807 F.2d at 808-09. These claims, if they were proven, would entitle Friedman to relief under Iaea, 800 F.2d at 866. Therefore, an evidentiary hearing should be held on this claim.
 
 Breached Plea Agreement
 
 11
 Friedman contends that his original sentence was above the maximum that was set out in the plea agreement. Because the plea agreement was not lodged with the district court and the court made no findings concerning this claim, we remand the case for an evidentiary hearing on this claim as well.
 
 Conclusion
 
 12
 We affirm in part the district court's dismissal of Friedman's habeas petition. We reverse the dismissal in part and remand for an evidentiary hearing on the above three claims. Counsel will be appointed for the hearing according to Rule 8, 28 U.S.C. foll. § 2254.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.***
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Friedman's sentence was modified to suspend 20 years of his original 40-year sentence if he successfully completed a sex offender treatment program. His original sentence was reinstated because he failed to complete the program
 
 
 ***
 Friedman's request for an oral argument before this court is accordingly denied