996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffery V.E. MODAHL, Petitioner-Appellant,
v.
B.J. BUNNELL, et al., Respondent-Appellee.
 No. 92-16982.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Modahl, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court dismissed the petition without holding an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 Recanted Testimony
 
 3
 Modahl was convicted of ten counts of lewd and lascivious conduct with a child under age 14. The victim was his step-daughter. After the trial, the victim recanted her testimony, and stated that Modahl was not present when the molestation occurred.[1] Modahl contends that his due process rights were violated because he was convicted on the basis of false testimony. Specifically, he contends that the district court erred in refusing to hold an evidentiary hearing to explore this issue further.
 
 
 4
 The district court must hold an evidentiary hearing on a habeas petition only if (1) the petitioner's allegations, if proven, would establish a right to relief, and (2) the state court has not reliably found the relevant facts after a full and fair hearing. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). We review the district court's decision not to hold an evidentiary hearing for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 5
 Modahl received an evidentiary hearing in state court after the victim recanted her testimony. At that hearing, Modahl's counsel sought to introduce a report by the California Attorney General's office entitled "Kern County Child Abuse Investigation" into evidence. That report apparently consists of a review of child abuse investigation practices in Kern County, and a series of recommendations for future investigations. The report recommends that victims of an alleged sexual abuse ring should be segregated from one another at the Jamison Center (the facility where the victims were held). The trial court refused to admit the evidence.[2] Modahl contends that this evidence should have been considered, because the victim only accused Modahl of being involved in the abuse after spending several days at the Jamison Center, where she was allowed to spend time with other alleged victims of the same group of defendants.
 
 
 6
 At the evidentiary hearing, the trial court heard testimony from the victim, who indicated that Modahl had not molested her. The victim testified that she had lied earlier under pressure from a social worker. The social worker testified that the victim was not pressured to implicate Modahl, and that the victim was asked about Modahl's involvement only after another victim had accused him. The victim's counselor testified that, after the victim recanted her statement that Modahl molested her, she continued to speak of Modahl as one of her molesters, and that the victim was afraid of Modahl. Two of the victim's foster parents testified that she had problems telling the truth, and that the victim was troubled by the anger that Modahl's family had expressed towards her. The trial court concluded that the victim had recanted her testimony because she feared angering Modahl's family, and that the recantation was false.
 
 
 7
 Modahl has not cast doubt on the fairness of the state court hearing. Modahl was represented by counsel, who presented evidence and examined and cross-examined witnesses. See Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1498 (9th Cir.1991) (defendant who is represented by counsel and permitted to present evidence, examine and cross-examine witnesses received a full and fair hearing), rev'd on other grounds, 112 S.Ct. 1715 (1992). Although Modahl was not allowed to introduce the Attorney General's report into evidence, his counsel used the report to cross-examine a prosecution witness about the procedures by which the victims were questioned and housed. Our review of the transcript reveals a full and fair hearing. Accordingly, we find that the district court did not abuse its discretion by refusing to hold an evidentiary hearing. See Tinsley, 895 F.2d at 530.
 
 Ineffective Assistance Claims
 
 8
 Modahl was charged along with two codefendants. The three had a joint preliminary hearing, but Modahl was tried separately from the other two codefendants. One of Modahl's codefendants (Taylor) was represented by a non-attorney posing as an attorney. At the preliminary hearing, the non-attorney elicited testimony from the victim regarding an additional incident of abuse by Modahl. This testimony led to additional charges against Modahl.[3] Modahl contends that his rights were violated by the non-attorney's questioning, and that his own attorney was ineffective for cross-examining the victim regarding the additional abuse.
 
 
 9
 Modahl does not specify what federal right was allegedly violated by the non-attorney's questioning of the victim. Modahl contends only that the non-attorney's questions were not properly limited by the trial court, and that state law requires reversal. However, to merit habeas corpus relief, a state prisoner must allege that his detention violates the federal Constitution, a federal statute, or a treaty. 28 U.S.C. § 2254(a). Further, errors of state evidentiary law are not cognizable in habeas corpus proceedings. Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). Modahl has not stated a cognizable claim for relief in habeas corpus.
 
 
 10
 To claim ineffective assistance of counsel, Modahl must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). Modahl must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts are outside the wide range of competence demanded of attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864.
 
 
 11
 Modahl contends that his counsel provided ineffective assistance by cross-examining the victim after the non-attorney elicited testimony regarding additional abuse. Modahl argues that his counsel's cross-examination only provided additional testimony against him. However, we agree with the district court that this cross-examination "could reasonably have led to evidence that his client was not involved in the incidents alleged, or that the victim was mistaken as to his client's identity." Because Modahl has not overcome the presumption that his counsel's cross-examination constituted sound trial strategy, we find no ineffective assistance of counsel. See Strickland, 466 U.S. at 689.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The victim was one of several children who were allegedly abused by a group of up to eight adults. The victim originally claimed that Modahl was not present during the abuse, then later stated to a social worker that Modahl was involved. After testifying at trial that Modahl had molested her, she recanted her testimony and returned to her original statement that Modahl was not involved
 
 
 [2]
 Apparently, the trial court refused the evidence because of his personal feelings about Attorney General Van De Kamp. The trial court stated: "I have no faith in his report because I know what he said about the deep pockets initiative and how he misrepresented the facts and he is a misrepresenter, in my opinion, so I am not putting any weight on that report. I haven't read it. I won't read it. I won't touch that report."
 
 
 [3]
 Although the cross-examination of the non-attorney was stricken when the trial court discovered that the non-attorney was an imposter, the record still contained the district attorney's questioning, as well as the cross-examination by both Modahl's and codefendant Cox's attorneys. Modahl contends that this remaining testimony formed the basis of the additional charges