15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Laurence H. MEYER, Defendant-Appellant.
 No. 93-35057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laurence H. Meyer appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction and sentence. Meyer contends that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Meyer was charged in a one-count indictment with possession of 500 or more grams of cocaine with intent to distribute, a violation of 21 U.S.C. Sec. 841(a)(1). Meyer pleaded guilty and was sentenced to eighty-eight months in prison and an additional four years of supervised release. Meyer appealed his conviction on the grounds that he received ineffective assistance of counsel. We affirmed Meyer's conviction and sentencing, concluding that we could not sustain Meyer's claim of ineffective assistance of counsel on the record. United States v. Meyer, No. 90-30028, unpublished memorandum disposition (9th Cir. Nov. 21 1990). We noted that a section 2255 proceeding "would presumably produce a substantially more complete record against which to measure the performance of Meyer's counsel." Id.
 
 
 4
 On 10 July 1991, Meyer filed his section 2255 motion. In his section 2255 motion Meyer alleges that he received ineffective assistance of counsel because his attorney failed to (1) request additional discovery to support "stock" discovery motions filed by his original attorney, (2) file memoranda in support of the motions, (3) request an evidentiary hearing, and (4) object to any portion of the "draft" plea agreement. Meyer further alleges that his counsel deprived him of a fair sentencing because counsel failed to (1) object to the presentence report or file a sentencing letter on Meyer's behalf, (2) forward letters of support to the sentencing judge, and (3) argue zealously for classification of Meyer as a "minimal participant."
 
 
 5
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 456 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 6
 We find it unnecessary to decide whether the challenged conduct of counsel was unreasonable, because we conclude that Meyer's allegations are insufficient to satisfy the prejudice requirement. See id. at 60. Meyer did not allege in his section 2255 motion that but for alleged errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. See id. at 59. Moreover, Meyer did not allege any additional facts or exculpatory evidence which, if discovered, would have caused him to go to trial rather than plead guilty. Nor did Meyer allege that he would have been entitled to a classification as a minimal participant. Accordingly, Meyer has not shown that he received ineffective assistance of counsel. See id. at 58; Strickland, 466 U.S. at 687.
 
 
 7
 Because Meyer failed to sufficiently allege that the conduct of counsel prejudiced his defense, the district court did not err in denying Meyer's section 2255 motion without holding an evidentiary hearing. See id. at 60.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3