19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilbert Anthony GUTIERREZ, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 93-56188.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Anthony Gutierrez, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Gutierrez contends that his guilty plea was involuntary, and that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Gutierrez pleaded guilty to one count of second degree murder, in exchange for the striking of special circumstances allegations, use of a deadly weapon charges, and robbery counts. Gutierrez contends, and the district court found, that the prosecutor also agreed to recommend that Gutierrez be committed to the California Youth Authority (CYA). At the change of plea hearing, Gutierrez was told the maximum penalty for second degree murder, and was told that he might be sentenced to the CYA. At the sentencing hearing, the trial court noted that, although both the prosecutor and defense counsel recommended CYA commitment, a recently passed California statute prohibited CYA commitment for any defendant over the age of 18 who is convicted of murder. The trial court then sentenced Gutierrez to the statutory maximum sentence, 15 years to life in prison.
 
 
 4
 Gutierrez argues that (1) his plea was invalid because it was induced by the unfulfillable promise of CYA commitment, and (2) his counsel was ineffective for failing to discover, prior to the change of plea hearing, that California law prohibited the court from sentencing Gutierrez to CYA commitment.
 
 Invalid Guilty Plea
 
 5
 "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). A guilty plea induced by a promise that the prosecutor does not intend to keep violates due process. Dillon v. United States, 307 F.2d 445, 449 (9th Cir.1962). However, a mutual mistake by the prosecution and the defense regarding sentencing law does not render a guilty plea invalid. United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990) (defendant not entitled to withdraw guilty plea based on mutual error by prosecution and defense in determining that defendant was entitled to a downward departure); see also United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991) (defendant may not withdraw guilty plea even though neither defense nor prosecution contemplated that he would be sentenced as a career offender). In such a case, the prosecution may fulfill its side of the bargain by making the agreed-upon recommendation, even if the law requires that the recommendation be rejected by the trial court. See Zweber, 913 F.2d at 711.
 
 
 6
 Here, the district court found that the prosecutor agreed to recommend commitment to the CYA, and that this agreement was part of the inducement for Gutierrez's guilty plea. Assuming without determining that these findings are correct, we hold that Gutierrez has not shown that his plea agreement was invalid. The prosecutor promised to recommend CYA commitment, and did make such a recommendation. Therefore, the prosecution did not violate the plea agreement. See Santobello, 404 U.S. at 262; Zweber, 913 F.2d at 711. Moreover, the fact that both the prosecution and the defense mistakenly thought that Gutierrez was eligible for CYA commitment does not render the plea invalid. See Oliveros-Orosco, 942 F.2d at 646; Zweber, 913 F.2d at 711.
 
 Ineffective Assistance of Counsel
 
 7
 To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.
 
 
 8
 We need not determine whether defense counsel's failure to discover that Gutierrez was not eligible for CYA commitment constitutes deficient performance, because we find that Gutierrez has not shown prejudice resulting from this error. There is no evidence in the transcripts that Gutierrez was reluctant to plead guilty. Compare Iaea, 800 F.2d at 865 (defendant's evident reluctance to plead guilty might justify the conclusion that defendant placed particular reliance on counsel's erroneous advice). We agree with the district court that "in light of the fact that petitioner did not make a motion to withdraw his plea at the time of sentencing after the judge informed him that he was not eligible for CYA commitment; that as a result of the plea, the government dropped the special circumstances allegation, the use of a deadly weapon charges and the remaining robbery charges; and the fact that petitioner knew there was only a possibility of CYA commitment, ... petitioner has failed to prove that he would not have accepted the plea." Because Gutierrez has not shown that he would have insisted on going to trial had counsel not misinterpreted California law, we find that he has not satisfied the prejudice requirement. See Hill, 474 U.S. at 59. Therefore, his ineffective assistance of counsel claim must fail. See Strickland, 466 U.S. at 687; Iaea, 800 F.2d at 864.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3