19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Lynn ULLRICH, Petitioner-Appellant,
v.
Ron ANGELONE, et al., Respondents-Appellees.
 No. 93-16006.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Lynn Ullrich, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Ullrich contends that he pleaded guilty midway through his trial because of his attorney's incompetence. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Ullrich was charged with two counts of sexual assault. After the prosecution finished presenting its case, Ullrich changed his plea to guilty. This occurred after the prosecution informed the defense that, if Ullrich testified that the victim consented to have sex, the prosecution would call other witnesses who would testify that Ullrich had also forced them to have sex. At his sentencing hearing, Ullrich argued that he had changed his plea only because his attorney failed to prepare an adequate defense. The trial court rejected Ullrich's argument, and sentenced him to two concurrent life terms.
 
 
 4
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 964 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 5
 Ullrich contends that he pleaded guilty solely because of his counsel's failure to prepare a defense. He claims that he gave counsel a list of witnesses who would testify regarding the victim's drug and alcohol use and mental problems, and that counsel never contacted these witnesses. These errors, Ullrich argues, left him no alternative but to plead guilty.[1]
 
 
 6
 However, the transcripts and record belie Ullrich's allegations. At the sentencing hearing, counsel stated that she had subpoenaed witnesses who would have testified, in support of Ullrich's consent defense, that the victim had been to Ullrich's home on several occasions. Furthermore, counsel adequately cross-examined the prosecution's witnesses. Accordingly, we cannot say that the acts identified by Ullrich fall outside the wide range of competence allowed attorneys in criminal cases. See Strickland, 466 U.S. at 690; Iaea, 800 F.2d at 864. Moreover, the record indicates that Ullrich decided to change his plea because of the prosecution's decision to call rebuttal witnesses to testify that they too had been sexually assaulted by Ullrich. Accordingly, Ullrich cannot show that, absent counsel's alleged errors, he would not have pleaded guilty. See Hill, 474 U.S. at 59.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ullrich also contends that his guilty plea was not knowing and voluntary. However, the transcript shows that Ullrich was thoroughly questioned regarding his plea. See Boykin v. Alabama, 395 U.S. 238, 243-44 (1969) (waiver of right to plead not guilty must appear affirmatively in the record)
 
 
 [2]
 In light of our disposition of this appeal, we reject Ullrich's contention that the district court should have held an evidentiary hearing. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990) (evidentiary hearing required only if petitioner's allegations would establish a right to relief), cert. denied, 498 U.S. 1091 (1991)