JAMES CALVIN WARNER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 17380

December 23, 1986                    729 P.2d 1359

---

[Rehearing denied February 6, 1987]

*Norman Y. Herring,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City, and *Larry G. Bettis,* District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's petition for post-conviction relief. Appellant was charged with sexual assault, a violation of NRS 200.366, and lewdness with a child under fourteen years of age, a violation of NRS 201.230. Following a jury trial, he was convicted and sentenced on the sexual assault charge to life imprisonment without the possibility of parole until he serves at least ten years, and on the lewdness charge to ten years in prison, the sentences to run concurrently. In this appeal, appellant contends that he was denied the effective assistance of counsel before and during trial, and therefore was denied his right to a fair trial. We agree, and accordingly reverse and remand this case for a new trial.

At appellant's trial, the state presented the testimony of only two witnesses, the alleged victim (appellant's eleven-year-old

stepdaughter, Dee) and appellant's wife. The only witnesses with any personal knowledge of the events in question were Dee, appellant, and possibly Dee's seven-year-old brother, Arthur. There was no physical evidence of the alleged incidents; Dee was never given a medical examination.

Appellant primarily contends that his trial counsel did not conduct an adequate investigation before trial. At the post-conviction hearing below, trial counsel, a deputy public defender, admitted that he did not consult with any other attorneys in the public defender's office about the case, even though the potential sentence was as serious as that for a murder case. Although he was encouraged to make use of the public defender's full-time investigator, he declined to do so. Trial counsel admitted that it would have been important to investigate the background of the complaining witnesses, Dee and her mother, but he failed to do so. He never attempted to interview Dee. He did not request that Dee be given a physical examination. Although Dee admitted at trial that she lies on occasion, trial counsel did not request the district court to order Dee to undergo a psychological examination to determine whether Dee was being truthful.

Trial counsel did not present any witnesses in support of appellant's character, although appellant's credibility and the credibility of the alleged victim were central issues in the case. Appellant provided trial counsel with a list of three possible witnesses, but counsel did not contact them. Nor did trial counsel interview appellant's employer and co-workers. Under the facts of this case, we conclude that trial counsel failed to conduct an adequate investigation before trial.

Appellant next contends that trial counsel failed to prepare for the presentation of two defense witnesses, appellant's son, Arthur, and deputy sheriff Teri Everett. We agree with this contention. It is not clear why trial counsel presented these witnesses. Arthur's testimony was of little value, and the deputy sheriff's testimony was actually damaging to the defense.

Finally, we note that at appellant's sentencing, trial counsel failed to present any evidence or witnesses on his behalf in support of a more lenient sentence.

In the present case, since there was no physical evidence of the alleged lewdness and sexual assault, and apparently no witnesses to any of the alleged incidents, the outcome depended primarily upon whether the jury believed Dee or appellant. Trial counsel neglected this crucial area of concern. Counsel's failure to inves-

tigate and lack of preparation for trial left appellant without a defense at trial. Under the circumstances of the present case, we conclude that trial counsel's performance was so deficient as to render the trial result unreliable. Accordingly, we conclude that appellant was denied his Sixth Amendment right to the effective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668 (1984). Appellant's judgment of conviction is reversed, and this matter is remanded to the district court for further proceedings.