24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bill W. FAUSSET, Petitioner-Appellant,
v.
John IGNACIO, Respondent-Appellee.
 No. 93-16322.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided May 4, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Nevada state prisoner Billy Worth Fausset appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Fausset claims that his nolo contendere plea is invalid because he did not understand the elements of the crime to which he pleaded guilty, he was coerced into pleading guilty by his attorney's lack of preparation and threats to withdraw from the case, and he received ineffective assistance of counsel. We affirm.
 
 
 4
 The transcript of the plea hearing indicates that Fausset understood the elements of the crimes to which he pled guilty, and entered his plea voluntarily and without coercion from his attorney. Moreover, the district judge specifically found after an evidentiary hearing that defense counsel had not threatened to withdraw from the case, as Fausset alleges. As this finding is not clearly erroneous, we will not overturn it. See Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 5
 Although "[a] plea entered because counsel is unprepared for trial is involuntary," United States v. Moore, 599 F.2d 310, 313 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980), here counsel advised Fausset to plead guilty due to the strength of the case against him. None of the actions that Fausset contends defense counsel should have taken would have weakened the state's case to the point that a guilty plea would not have been to Fausset's benefit. A defendant who pleads guilty on the advice of counsel may claim that his plea is involuntary only if counsel's advice was not within the range of professional competence. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). As the advice to plead guilty was within that range in this case, Fausset's claim that his plea was involuntary fails.
 
 
 6
 To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that counsel's assistance was deficient and that the deficiency caused prejudice. Iaea, 800 F.2d at 864. Fausset claims that counsel's assistance was ineffective for several reasons. First, Fausset alleges that counsel should not have advised Fausset to plead guilty before investigating possible grounds to object to the admission of evidence of prior bad acts. Because the advice to plead guilty would have been sound even if this evidence was ultimately held inadmissible, however, the advice was within the bounds of professional judgment. See Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986).
 
 
 7
 Fausset also contends that counsel should have requested physical and psychological examinations of the alleged victims prior to advising a guilty plea, citing Warner v. State, 102 Nev. 635, 729 P.2d 1359 (Nev.1986). In this case, however, physical examinations would not have been probative of the conduct for which Fausset was charged, and counsel could have wisely concluded that psychological examinations would do Fausset more harm than good.
 
 
 8
 Counsel's decision not to seek judicial redress for an allegedly illegal arrest was also within the bounds of competent assistance. Fausset's only potential remedy for an improper arrest was the suppression of evidence gained through that arrest. See United States v. Crews, 445 U.S. 463, 474 (1980) (illegal arrest does not bar prosecution). As Fausset does not allege that any such evidence exists, he has not shown that counsel erred by failing to move to suppress that evidence.
 
 
 9
 Counsel's alleged failure to seek a stipulation to the admission of the results of a polygraph test was not prejudicial. The Nevada procedure for the admission of the results of polygraph tests involves stipulations by both parties prior to the administration of the test. See Corbett v. State, 94 Nev. 643, 584 P.2d 704, 704-06 (Nev.1978). There is no indication that the prosecution stipulated to such an admission. As the evidence was not admissible without the prosecution's stipulation, see Santillanes v. State, 102 Nev. 48, 50, 714 P.2d 184, 186 (Nev.1986), and presumably would have been damaging to the state's case, there is no reason to believe that the prosecution would have agreed to the admission of this evidence.
 
 
 10
 Fausset also contends that counsel should have provided evidence of prejudice due to pretrial publicity when counsel moved to exclude the press from the preliminary hearing. Fausset does not, however, indicate what evidence was available to defense counsel at the time. The television coverage on the evening before the preliminary hearing and the arrival of press at the courtroom that morning apparently came as a surprise to both parties, and was instigated by one of the victims' parents. Defense counsel's oral motion to exclude the press was within the bounds of competent assistance.
 
 
 11
 Finally, counsel's alleged failure to help Fausset withdraw his guilty plea was not prejudicial. As Fausset has not demonstrated that he had a "fair and just" reason for withdrawing the plea, he has failed to show that assistance of any kind would have changed the outcome of his motion to set aside the plea. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.), cert. denied, 493 U.S. 869 (1989). As Fausset has failed to show that counsel's assistance was both deficient and prejudicial, the district court properly denied Fausset's habeas petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3