Jonah IAEA, Petitioner-Appellant,

v.

Franklin SUNN, Director of the Department of Social Services, State of Hawaii, et al., Respondents-Appellees.

No. 84–2196.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1985.

Decided Sept. 22, 1986.

Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for petitioner-appellant.

Michael Lilly, Atty. Gen., Charles F. Marsland, Jr. and Shirley Smith, Honolulu, Hawaii, for respondents-appellees.

Before FLETCHER, BOOCHEVER and NORRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Petition for rehearing is granted. The opinion filed October 28, 1985 is withdrawn.

Jonah Iaea filed a federal habeas corpus petition to challenge the validity of his guilty plea in Hawaii state court. He claims that he entered the plea without effective assistance of counsel and that he did not enter it voluntarily or intelligently. The district court denied the petition. Because we find that the performance of Iaea's counsel was deficient we remand for a determination as to whether Iaea was prejudiced. We also remand for further findings on claimed coercion that might affect the voluntariness of Iaea's plea.

## FACTS [1]

Iaea was charged with six class A drug promotion felonies, four class B drug promotion felonies, one class C firearm possession felony, and one petty misdemeanor marijuana count. Iaea testified that he dismissed his first attorney because the attorney did not wish to try the case. At

---

1. The facts are taken primarily from the findings of the Hawaii state court that considered Iaea's motion for post-conviction relief and from defense counsel's testimony at the hearing before that court. *See* 28 U.S.C. § 2254(d) (1982). The court appeared to accept the credibility of defense counsel's testimony.

his request, the court appointed defense counsel, a state public defender, to represent him. Iaea maintained that he was not guilty because he had arranged the drug transactions for a friend rather than on his own initiative. He told defense counsel of two possible witnesses to support his theory. After doing research, defense counsel concluded that Iaea's suggested defense was unavailable and that the witnesses' testimony would not be helpful. She also concluded that a jury would be unlikely to believe an entrapment defense.

Defense counsel initiated plea bargain discussions with the prosecution and eventually agreed that Iaea would plead guilty to three of the class A felonies, two of the class B felonies, and the class C felony. The prosecution agreed to dismiss all remaining charges and to stipulate that Hawaii's minimum sentencing law did not apply to Iaea. The prosecutor made clear to defense counsel that he still planned to move for imposition of a sentence for an extended term.

Iaea was reluctant to plead guilty. To convince him to accept the plea bargain, defense counsel told him that she thought his chances of acquittal if he went to trial were slight and that if he was convicted, he would be subject to Hawaii's minimum sentencing law. Although she never guaranteed that he would receive probation, she told him, his wife and his brother on several occasions that there was a good chance of his getting probation if he accepted the plea bargain. Defense counsel also told Iaea that the chance of his getting an extended sentence was "almost zero" and that he "could almost not consider it," but informed him that sentencing was in the discretion of the judge.

Defense counsel testified that when Iaea still did not appear receptive to the plea bargain, she threatened to withdraw from his case:

I said that I took pride in myself as an attorney and that I would never allow a client to hurt himself. And it was my feeling that, if he had gone to trial and I had allowed him to go to trial, I would have done him a disservice so that if he

insisted on going to trial that another attorney would handle it because it would be against my conscience to a client not to take a deal and go through a trial, get convicted, and face the extended term.

Defense counsel also communicated her strong belief that Iaea should accept the plea bargain through Iaea's brother Christopher because she knew that Iaea relied on his brother for help and guidance. Both Iaea and his brother testified that Christopher threatened to withdraw the bail which he had posted if Iaea did not plead guilty.

Ultimately, Iaea pled guilty to three class A, two class B and one class C felonies. On the guilty plea form, defense counsel, pursuant to Iaea's request, crossed out the words, "I believe myself to be guilty," and replaced them with, "I do not wish to go to trial." In the subsequent plea proceeding, the state judge informed Iaea, before accepting his plea, that he could receive life imprisonment. The judge sentenced Iaea to life sentences on the A felony counts, twenty-year sentences on the B felony counts and a ten-year sentence on the C felony.

Iaea brought a motion to reconsider the sentence, which was denied. He then brought a motion for post-conviction relief. After a hearing, the state court denied that motion as well. The court found that defense counsel had not guaranteed probation and that the judge had advised him of the possible sentences and found that Iaea had entered his plea knowingly. The court specifically found that defense counsel had threatened to withdraw, but held that the plea was voluntary.

After Iaea's appeal was rejected by the Hawaii Supreme Court, he filed this habeas petition. The district court found that defense counsel's belief that Hawaii's mandatory minimum sentencing law applied to Iaea was erroneous. However, it held that neither her sentencing advice nor her failure to pursue the two witnesses constituted ineffective assistance. It also rejected Iaea's contentions that his plea was not entered intelligently and voluntarily and denied the petition. Iaea timely appeals.

## DISCUSSION

### I. Standard of Review

■ We review *de novo* a district court's decision on a habeas petition. *Reiger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir. 1986); *Tatum v. Christensen*, 786 F.2d 959, 963 (9th Cir.1986) (per curiam). In a habeas proceeding, we give deference to a state court's findings of fact, 28 U.S.C. s12245(d) (1982); *Adamson v. Ricketts*, 789 F.2d 722, 728 n. 5 (9th Cir.1986) (en banc), but not to its determinations of mixed questions of law and fact or purely legal questions, *Adamson*, 789 F.2d at 729 n. 5; *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir.1986).

■ The effectiveness of counsel is a mixed question of law and fact, reviewed *de novo. See Reiger*, 789 F.2d at 1427, 1428. The voluntariness of a guilty plea is a question of law not subject to deferential review. *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Hayes*, 784 F.2d at 1436; *see Adamson*, 789 F.2d at 727 n. 5 (whether actions constitute waiver of constitutional rights is question of federal law). We recognize that recent cases in this circuit have stated that findings as to the voluntariness of a guilty plea are reviewed under the clearly erroneous standard. *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir.1985); *Chua Han Mow v. United States*, 730 F.2d 1308, 1310 (9th Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). In these cases, however, we primarily focused on the underlying factual issue of whether the defendant subjectively understood the consequences of the guilty plea. *See Read*, 778 F.2d at 1439; *Chua Han Mow*, 730 F.2d at 1310–11. Findings of historical facts underlying a court's conclusion of voluntariness are given deference in a habeas proceeding, *see Marshall*, 459 U.S. at 431–32, 103 S.Ct. at 849, and are reviewed for clear error on direct appeal, *Hayes*, 784 F.2d at 1436. To the extent *Read* and *Chua Han Mow* hold that the ultimate determination of voluntariness is a question of fact, they are inconsistent with *Marshall*, which controls. *See Hayes*, 784 F.2d at 1436.

### II. Ineffective Assistance of Counsel

■ To demonstrate ineffective assistance of counsel, a convicted defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, — U.S. —, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ A deficient performance is one in which counsel made errors so serious that she was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Iaea must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 106 S.Ct. at 369.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

In this case, counsel advised Iaea that he was subject to Hawaii's minimum sentencing law, that there was almost no chance of his receiving an extended or life sentence, and that he had a chance to receive probation if he pled guilty. We find that counsel's performance was deficient.

Defense counsel made a serious error in informing Iaea that he was subject to Hawaii's minimum sentencing statute, Hawaii Rev.Stat. § 706–606.5. The statute was amended in 1979. The prior version of the minimum sentencing provision (effective at

the time Iaea committed his crimes) by its terms did not apply to Iaea.[2] Nevertheless, counsel obtained the prosecutor's promise not to ask for minimum sentencing and informed Iaea that he could escape the possibility of minimum sentencing only if he pled guilty. Counsel's advice that the likelihood of Iaea's receiving an extended or a life sentence was practically non-existent and that he might receive probation was also faulty.[3] The prosecutor was part of a special team constituted to deal with repeat offenders, and indicated that he would press for extended sentencing.

■ Because a guilty plea is a waiver of the Fifth Amendment's protection against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers, *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969), it must be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). Because "an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney," *id.* at 748 n. 6, 90 S.Ct. at 1469 n. 6, counsel have a duty to supply criminal defendants with necessary and accurate information. Though a mere inaccurate prediction, standing alone, would not constitute ineffective assistance, *see McMann v. Richardson,* 397 U.S. 759,

770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970); *Wellnitz v. Page,* 420 F.2d 935, 936 (10th Cir.1970) (per curiam), the gross mischaracterization of the likely outcome presented in this case, combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys. Even applying the strong presumption of competence, we find that counsel's representation was deficient. *Cf. Mosher v. LaVallee,* 491 F.2d 1346, 1348 (2d Cir.) (per curiam) (ineffective assistance where counsel told accused that judge had promised minimum sentence, but no such promise had been given and accused received maximum), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974).[4]

■ Even though we find counsel's performance deficient, Iaea must still show prejudice. To satisfy the prejudice component in the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill,* 106 S.Ct. at 370. The record is replete with evidence that Iaea was very reluctant to plead guilty and that defense counsel and Iaea's brother had a great deal of trouble convincing him to do so. We think these constitute "special circumstances" that might justify the conclusion that Iaea placed particular reliance on erroneous advice in deciding whether or not to plead guilty. *See Hill,* 106 S.Ct. at 371. Because the district court has not had an

---

**2.** Iaea was subject to the 1976 version of Hawaii Rev.Stat. § 706–606.5 rather than the 1979 version because the crimes he was accused of took place before the statute was amended. The 1976 version of the statute imposed a mandatory minimum ten year sentence on defendants convicted of one or more of ten enumerated offenses *if* they already had a prior conviction for the *same* offense. Because Iaea had not previously been convicted of any of the offenses charged in the indictment, he would not have been subject to the statutory minimum sentence.

**3.** Hawaii Rev.Stat. § 706–662 (1976 version) allows a trial judge to sentence a defendant for an extended term if he is found to be a persistent

offender, professional criminal, dangerous person, or multiple offender. Hawaii Rev.Stat. § 706–661 allows extension of a sentence in cases designated in § 706–662 to a term of up to life imprisonment for a class A felony, twenty years for a class B felony and ten years for a class C felony.

**4.** Iaea claims that defense counsel's failure to pursue the two witnesses also constituted deficient performance. We disagree. Counsel did not have a duty to pursue every possible line of defense where she reasonably did not believe Iaea's interests would be advanced. *See Tollett v. Henderson,* 411 U.S. 258, 267–68, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

opportunity to decide whether the *Hill* test, which is factual in nature, is met in this case, we remand for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice. *See Icicle Seafoods, Inc. v. Worthington,* —— U.S. ——, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986). In making its findings, the court should consider the possibility that defense counsel's erroneous advice may have led Christopher Iaea to threaten to withdraw his brother's bail, and indirectly induced the guilty plea. The court also should consider all other facts and circumstances including the nature of Iaea's alleged defense to the charges in determining whether there was reasonable probability that he would not have pled guilty.[5]

■ Iaea asserts that we should void his plea because the erroneous advice rendered it "unintelligent." The precise nature of this claim is unclear. To the extent Iaea is requesting relief based solely on counsel's deficient performance with no showing of prejudice, the claim is foreclosed by *Hill.* If he is asserting that because of the advice, he did not understand the nature and consequences of his plea, the claim is defeated by the state court's finding that the plea was "knowing". A guilty plea is invalid if a defendant does not understand the charges against him or the possible punishment he faces. *See Marshall,* 459 U.S. at 436, 103 S.Ct. at 851–52; *Brady,* 397 U.S. at 748, 90 S.Ct. at 1468–69. However, we interpret the state court as finding that Iaea comprehended the nature and consequences of his plea, a finding fully supported by the record. Thus, Iaea's "intelligence" argument fails.

### III. Coercion

■ Iaea contends that his guilty plea was involuntary because it was coerced by threats. A guilty plea must be the voluntary expression of the defendant's own choice. *Brady,* 397 U.S. at 748, 90 S.Ct. at

1468–69. "[T]he agents of the state may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Id.* at 750, 90 S.Ct. at 1470; *see Waley v. Johnston,* 316 U.S. 101, 104, 62 S.Ct. 964, 965, 86 L.Ed. 1302 (1942) (per curiam) (guilty plea coerced by federal law enforcement officer inconsistent with due process). The plea is void if it is "induced by promises or threats which deprive it of the nature of a voluntary act." *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1972).

■ When a guilty plea is challenged as being the product of coercion, our concern is not solely with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the guilty plea. *See United States v. Martinez,* 486 F.2d 15, 21 (5th Cir.1973); *see also Miller v. Fenton,* —— U.S. ——, 106 S.Ct. 445, 453, 88 L.Ed.2d 405 (1985) (voluntariness of confession turns as much on whether techniques used for extracting confession comport with due process as on subjective state of mind). If the prosecutor elicits a guilty plea by pointing a revolver at the defendant, the plea is void regardless of the defendant's state of mind. To determine voluntariness, we examine the totality of the circumstances. *Brady,* 397 U.S. at 749, 90 S.Ct. at 1469.

In this case, the state court specifically found that defense counsel had threatened to withdraw if Iaea continued to refuse to plead guilty. The coercive effect of her threat was mitigated somewhat by her informing him that a new attorney would be appointed if he insisted on going to trial. However, defense counsel was not merely his appointed counsel, but a lawyer specifically chosen by Iaea to replace a lawyer who was unwilling to try his case. In addition, both Iaea and his brother testified that Christopher threatened to withdraw bail if

---

5. We note that one court has held that counsel's threatening to withdraw in order to induce a guilty plea can constitute ineffective assistance.

*Downton v. Perini,* 511 F.Supp. 258, 268 (N.D. Ohio 1981). Iaea has not raised this claim so we do not address it.

Iaea did not plead guilty.[6] However, no specific findings were made on this issue. The combination of these threats (if the bail threat, in fact, was made) could raise a serious question as to whether Iaea's plea was voluntary. No specific findings were made as to the possible effects of the threats singly or in combination.

We recognize that this case is somewhat unusual because the coercion was applied by third parties rather than by the state. Several courts have held or indicated that coercion by the accused's counsel can render a plea involuntary. *Edwards v. Garrison,* 529 F.2d 1374, 1380 (4th Cir.1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1976); *Wellnitz,* 420 F.2d at 936; *Downton v. Perini,* 511 F.Supp. 258, 265 (N.D.Ohio 1981); *Peete v. Rose,* 381 F.Supp. 1167, 1177 (W.D.Tenn.1974); *see United States v. LaGrone,* 727 F.2d 1037, 1038 (11th Cir.1984) (per curiam); *cf. United States v. Moore,* 599 F.2d 310, 313 (9th Cir.1979) (plea entered because counsel is unprepared for trial is involuntary), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980). This court and others have discussed claims that coercion by non-attorney third parties can render pleas involuntary; none of these cases has found conduct that rose to a level of coercion that would invalidate a plea, but none precludes the possibility of such a finding in an appropriate case. *See United States v. Webster,* 468 F.2d 769 (9th Cir.1972), *cert. denied,* 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973); *Melnick v. United States,* 356 F.2d 493 (9th Cir.1966) (per curiam); *Wojtowicz v. United States,* 550 F.2d 786 (2d Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2938, 53 L.Ed.2d 1071 (1977); *Lunz v. Henderson,* 533 F.2d 1322 (2d Cir.), *cert. denied,* 429 U.S. 849, 97 S.Ct. 136, 50 L.Ed.2d 122 (1976); *but see United States ex rel. Mascia v. Zelker,* 450 F.2d 166, 169 (2d Cir.1971) (suggesting that only acts of government officials can render plea involuntary), *cert. denied,* 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346 (1972).

A defendant can hardly be said to have made the voluntary decision necessary to a waiver of constitutional rights if, for example, a third party has threatened to murder his spouse if he does not plead guilty. On the other hand, third parties are not responsible for the integrity of the criminal justice system in the same way as judges or prosecutors nor are they in the same positions of power and authority. Acts that might constitute coercion if done by the court or a prosecutor may not rise to that level if done by others. *See United States ex rel. Brown v. LaVallee,* 424 F.2d 457, 461 (2d Cir.1970) (statements that might have been coercive if made by prosecutor or judge not coercive when made by defendant's mother and his counsel), *cert. denied,* 401 U.S. 942, 91 S.Ct. 946, 28 L.Ed.2d 223 (1971). Mere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion. *Wojtowicz,* 550 F.2d at 792; *Lunz,* 533 F.2d at 1327.

In *Downton v. Perini,* 511 F.Supp. 258 (N.D.Ohio 1981), defense counsel threatened to withdraw shortly before trial if his client did not plead guilty. Although the attorney assured his client other counsel would be available for trial, the court found that the defendant, who had consistently expressed his intent to stand trial, was coerced into pleading and voided the plea. *Id.* at 266. Though the imminence of trial may have made the attorney's threats more coercive than those made to Iaea, the court did not appear to put great weight on that factor. Rather, it emphasized a defendant's right to make the decision to go to trial free from compulsion by counsel, *id.* at 264–65, and implied that the use of a threat to sever the attorney-client relationship "as a tactical weapon" would always render the ensuing plea involuntary. *See id.* at 265.

The state court made no factual findings on the claim that Christopher threatened to withdraw bail if Iaea refused to plead

---

**6.** The fact that Christopher had no legal duty to have provided bail or to maintain it is irrelevant to the question of whether his threat to withdraw it was coercive under the circumstances.

guilty although both Christopher and Iaea so testified and there is no testimony to the contrary. Nor did it make any findings on the possible effects of defense counsel's threat to withdraw and the loss of bail. We therefore remand for further factual determinations, *see Icicle Seafoods,* 106 S.Ct. at 1530, and a legal determination as to whether the threats rendered the plea involuntary. *See Machibroda,* 368 U.S. at 493, 82 S.Ct. at 513. The district court should consider such factors as the amount of time remaining before trial when Iaea pled guilty, the possible adverse impact on Iaea's family if he were jailed on account of the withdrawal of bail, and any other relevant matters that could affect the coercive impact of the threats on the voluntariness of Iaea's plea.[7]

### CONCLUSION

We reverse the district court's denial of Iaea's habeas petition. We remand for an evidentiary hearing to determine whether there is a reasonable probability that Iaea would have pled guilty absent the erroneous advice of counsel, whether Iaea's brother in fact threatened to withdraw bail, and other facts relevant to the voluntariness of Iaea's plea. If the court finds either that there was a reasonable probability that defense counsel's deficient performance affected his plea or that the plea was coerced, it should enter an order conditionally granting the habeas petition to give the state of Hawaii a reasonable time to make necessary arrangements to allow Iaea to replead or go to trial if he so desires. *See Irvin v. Dowd,* 366 U.S. 717,

---

7. The state court found that Iaea's plea was "knowing." Our analysis in this case does not offend the presumption of correctness given to state court factual findings. *See* 28 U.S.C. § 2254(d). We believe the finding of "knowingness" related to Iaea's understanding of the charges against him and the nature of his guilty plea, and have noted that it is fully supported by the record. However, the finding in no way affects our conclusions as to ineffective assistance or voluntariness. A habeas petitioner's subjective understanding of the charges is a factual inquiry, *see Miller,* 106 S.Ct. at 451 (interpreting *Marshall,* 459 U.S. at 431–37, 103

728–29, 81 S.Ct. 1639, 1645–46, 6 L.Ed.2d 751 (1961).

REVERSED and REMANDED.

S.Ct. at 852), distinct from the objective questions of coercion, *see Martinez,* 486 F.2d at 21, and attorney competence, *see Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2065 (ineffectiveness of counsel judged by objective standard); *see also Brady,* 397 U.S. at 748, 90 S.Ct. at 1468–69 (voluntariness separate inquiry from awareness of consequences). To the extent that the state court's finding that Iaea's plea was "knowing" represents a legal conclusion that it was uncoerced or that it was intelligently given with effective assistance of counsel, it is freely reviewable. *See Hayes,* 784 F.2d at 1436, 1437; *Reiger,* 789 F.2d at 1427.