947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dallas E. SCOTT, Defendant-Appellant.
 No. 90-16718.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 28, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dallas E. Scott appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his the sentence imposed upon his 1976 conviction for armed bank robbery. We review de novo, Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986), and affirm.
 
 
 3
 Scott contends that the district court improperly utilized cases decided subsequent to his conviction in ruling on the issues raised in his section 2255 motion. Scott argues that the cases used by the district court should only be given prospective effect and may not be used in analyzing "previous or pending cases."[1] This contention lacks merit.
 
 
 4
 As a general rule, judicial decisions apply retroactively. Robinson v. Neil, 409 U.S. 505, 507 (1973). "Indeed, a legal system based on precedent has a built-in presumption of retroactivity." Solem v. Stumes 465 U.S. 638, 642 (1984).
 
 
 5
 Here, the district court properly relied upon post-1976 case-law in ruling on Scott's section 2255 motion. The cases the district court relied on did nothing more than explain the legal standard to be used in analyzing the claims raised in Scott's section 2255 motion. Furthermore, Scott does not specify how the outcome would be different if pre-1976 case-law were applied. Accordingly, the district court properly denied Scott's section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Scott's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his section 2255 motion, Scott alleged (1) that the prosecution failed to disclose evidence that was favorable to him (2) ineffective assistance of his trial counsel and (3) ineffective assistance of his appellate counsel