980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Edward WALTERS, aka Oscar, Defendant-Appellant.
 No. 91-50244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1992.*
Decided Dec. 9, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 MEMORANDUM**
 Martin Edward Walters appeals from his convictions, following a guilty plea, for conspiracy to manufacture with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, aiding and abetting the possession of an unregistered firearm in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5861(d) and 5871, and aiding and abetting the use and carrying of a firearm during a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1). Walters contends that his guilty plea was involuntary and that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 Walters raises for the first time on appeal the issue of the voluntariness of his guilty plea. Although as a general rule we do not consider issues raised for the first time on appeal, Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985), we may review newly raised issues when necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. Id. In order to determine whether there has been a miscarriage of justice, we must examine the substance of Walters' claim. We review the voluntariness of a guilty plea by looking at the totality of the circumstances. Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986). Viewing the totality of the circumstances in Walters' claim, we find that no miscarriage of justice will result by allowing his guilty plea to stand because we find that the plea was, in fact, voluntary.
 
 
 1
 The gravamen of Walters' involuntariness claim is that the district court and his counsel misrepresented the maximum possible penalty on one of the counts. The record shows that at the sentencing hearing the district court erroneously informed Walters that the possible maximum sentence for the count of conspiracy to manufacture with intent to distribute methamphetamine was imprisonment without possibility of parole. Walters argues that he would not have decided to enter into the plea agreement if he had known that the possible consequences of proceeding to trial were less severe.
 
 
 2
 We find, however, that Walters was not actually harmed by the misrepresentation at his sentencing hearing. The mistake was discovered and brought to Walters' attention at least one month before sentence was actually imposed. Before entry of the sentence, Walters' counsel informed the district court that he had explained the misrepresentation of the possible maximum sentence to Walters. In response to questioning from the court, Walters indicated that he was aware of the error, understood the correct possible sentence and, nevertheless, would still plead guilty. Walters has made no showing that his decision to reaffirm his guilty plea at sentencing was affected by the earlier misrepresentation. We find that Walters' guilty plea was voluntary and a fortiori will not result in a miscarriage of justice.
 
 
 3
 Walters contends that an atmosphere of coercion existed that negated the voluntariness of his guilty plea. In addition to the misrepresentation of the maximum possible sentence, he cites being in solitary confinement, being represented by multiple attorneys, and being subject to undue time pressures regarding state and federal trial dates as circumstances contributing to coercion. Walters has not demonstrated how these factors negated the voluntariness of his guilty plea. A bare allegation of coercion, unsupported in the record, is not sufficient to set aside a guilty plea. United States v. Sutton, 794 F.2d 1415, 1422 (9th Cir.1986).
 
 
 4
 Walters also argues that his counsel's failure to advise him properly about the maximum sentence constitutes ineffective assistance of counsel. Claims of ineffective assistance of counsel, while ordinarily more properly brought in habeas corpus proceedings, may be reviewed on direct appeal if the record is sufficiently developed to permit review and determination of the issue. United States v. Robinson, No. 90-10433, slip op. 6667, 6673 (9th Cir. June 15, 1992). In order to prevail on an ineffective assistance claim, Walters must show that his counsel's performance was deficient and the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 665, 687 (1984); see also Hill v. Lockhart, 474 U.S. 52, 58 (1985) (applying Strickland to challenge to guilty plea based on ineffectiveness of counsel).
 
 
 5
 Walters has failed to demonstrate how he was prejudiced by his attorney's initial failure to apprise him of the correct sentence. Even after Walters' attorney informed him of the correct maximum sentence and Walters was given an opportunity by the court to withdraw his guilty plea, he declined to do so. Because we find that Walters' guilty plea was voluntary, the record is sufficiently developed for us to determine that Walters was not prejudiced by any ineffective assistance of counsel. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3