29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Mauricio LUNA; Petitioner-Appellant,
v.
Theo WHITE, Warden; et al., Respondents-Appellees.
 No. 93-55680.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Jose Mauricio Luna appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Luna contends that his counsel was constitutionally ineffective and, therefore, his plea of guilty was involuntary. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo a district court's decision on a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 Luna was charged with transporting in excess of three pounds of cocaine, in violation of California Health and Safety Code Secs. 11352, 11370.4, and with possessing for sale in excess of three pounds of cocaine, in violation of California Health and Safety Code Secs. 11351, 11370.4. Luna agreed to plead guilty to one count of transporting cocaine in exchange for a three-year prison term, to be served consecutively with his federal prison sentence.
 
 
 4
 On appeal, Luna contends that his counsel was ineffective for: (1) failing to bring a motion to dismiss charges on the ground that state prosecutors violated the Interstate Agreement on Detainers; (2) failing to challenge the fact that Luna was not transferred into state custody within 90 days, pursuant to California Penal Code Sec. 1381.5; and (3) failing to advise Luna of his plea options.
 
 
 5
 "A defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [range of professional competence].' " Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 964 (9th Cir.1986). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 6
 Luna contends that his counsel failed to argue that it was the state's burden to get him transferred from federal custody pursuant to the Interstate Agreement of Detainers ("IAD"). Luna also contends that his counsel failed to argue that Luna should have been transferred into state custody within the 90-day period of California Penal Code Sec. 1381.5. However, the record belies Luna's contentions. Luna's counsel unsuccessfully argued that Luna was not transferred timely from the federal institution within the 180-day period of the IAD or the stricter 90-day period mandated by section 1381.5. Accordingly, Luna has not demonstrated that his counsel's performance was deficient. See id. at 60. Moreover, Luna's plea of guilty precludes him from raising this issue in a collateral proceeding. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); cf. United States v. Fulford, 825 F.2d 3, 10 (3rd Cir.1987) (stating that there is "a fundamental principle that entry of a guilty plea acts as a waiver of the provisions of the IAD").
 
 
 7
 Luna further contends that his counsel failed to advise him of all plea options. Specifically, Luna argues that his counsel failed to inform him he could enter a conditional plea.
 
 
 8
 Here, the record belies Luna's contention. Before accepting Luna's plea of guilty, the trial court found that: (1) there was a factual basis for Luna's plea; (2) Luna understood the nature of the offense and the consequences of his plea; (3) Luna understood and knowingly waived his rights; and (4) Luna freely and voluntarily entered his plea of guilty. Because the record demonstrates that Luna's plea was knowing and voluntary, we conclude that his claim that his counsel failed to advise him of his right to enter a guilty plea is without merit. See id. ("a guilty plea, voluntarily and intelligently entered may not be vacated because the defendant was not advised of every conceivable constitutional plea).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Luna's request to waive oral argument is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Luna also alleged that his counsel was ineffective for: (1) failing to present Luna's motion to appear pro se at trial; (2) failing to conduct discovery; and (3) preventing Luna from filing a pro se motion. However, Luna failed to present these claims in his petition filed in the district court. Therefore, we decline to reach the merits of these claims on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)