59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul Ross INGRAM, Petitioner-Appellant,
v.
Chase RIVELAND, Secretary and Chief Executive Officer,
Washington State Department of Corrections; Robert
Warden Snyder, Superintendent of the
Delaware State Penitentiary,
Defendants-Appellees.
 No. 94-35627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided June 26, 1995.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Ingram appeals the district court's order granting summary judgment in favor of the state on his 28 U.S.C. Sec. 2254 motion for a writ of habeas corpus. Because he voluntarily pleaded guilty, we affirm.
 
 
 3
 In November 1988, Ingram confessed to raping his daughters. He pleaded guilty in May 1989 to reduced charges of six counts of third degree rape in state court. In October 1989, with new counsel, he moved to withdraw his guilty plea. After an extended hearing, the court denied the motion. In April 1990, he was sentenced to six consecutive forty-month terms of imprisonment. Subsequently, he sought unsuccessfully direct and collateral relief in state court. In February 1993, he petitioned for habeas relief in federal district court. That court granted the state's motion for summary judgment. Ingram appeals.
 
 
 4
 We conclude that Ingram pleaded guilty voluntarily. The state court found that there had been no coercion. This finding is entitled to a presumption of correctness. See 28 U.S.C. Sec. 2254(d). Ingram has not overcome that presumption.
 
 
 5
 The merits of the factual dispute were resolved at the state court hearing. See 28 U.S.C. Sec. 2254(d)(1).[1] During the six-day hearing, the state court heard testimony from two psychologists, a family counselor, a sociologist and Ingram himself. The psychologists and the family counselor testified that Ingram had not been coerced. Only the sociologist and Ingram said that he was. The state court found that the psychologists and the family counselor were more credible than the sociologist and that Ingram was impeached. The state court concluded that Ingram was not coerced.
 
 
 6
 Convincing evidence does not establish that the state court's finding was erroneous. See 28 U.S.C. Sec. 2254(d). Most of the evidence strongly supports the finding that Ingram was not coerced.
 
 
 7
 At the change of plea hearing, he testified that his guilty plea was voluntary. See United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir. 1992). He confirmed that no one was "forcing [him] to enter the pleas" or "twisting [his] arm in any way." He said that nobody was telling him that he had to plead guilty. He explained that it was his idea to do so. His former attorney also testified that the guilty plea was voluntary. At the state court hearing, Ingram explained that he pleaded guilty "in order to do what was right" and that he told his attorney that he chose to plead guilty.
 
 
 8
 The remainder of the evidence is not convincing that there was any coercion. The detective's and psychologist's allegedly coercive behavior occurred in November 1989; Ingram pleaded guilty in May 1989. Even if he did not have the sociologist's report, Ingram knew that the sociologist did not believe that he was guilty. And although his family, his wife's divorce lawyer and his own minister may have encouraged him to plead guilty, "[m]ere advice or strong urging by third parties to plead guilty ... does not constitute undue coercion." Iaea v. Sunn, 800 F.2d 861, 867 (9th Cir. 1986).
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He does not allege that one of the other circumstances listed in 28 U.S.C. Sec. 2254(d)(2)-(7) exists
 
 
 [2]
 We also conclude that Ingram received effective assistance of counsel. He fails to show that his counsel's performance was deficient, see Hill v. Lockhart, 474 U.S. 52, 58 (1985); Strickland v. Washington, 466 U.S. 668, 697 (1984), or that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill, 474 U.S. at 59