94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro RODRIGUEZ, Petitioner-Appellant,
v.
John R. HALLAHAN; Attorney General for the State of
Arizona, Respondents-Appellees.
 No. 95-16677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Rodriguez appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. Rodriguez contends that his guilty plea to murder pursuant to North Carolina v. Alford, 400 U.S. 25, 37 (1970), was the result of a misunderstanding of the parole consequences of his plea. We have jurisdiction under 28 U.S.C. § 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 A guilty plea "must be a knowing, intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.' " Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). The Constitution does not require a court to supply the defendant with information about when he will be eligible for parole. See Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 4
 To the extent that Rodriguez claims that he should have been advised at his change of plea hearing of when he would be eligible for parole, such advice is not constitutionally required. See id.
 
 
 5
 As to Rodriguez's claim that he was misadvised concerning when he would be eligible for parole, the record belies this claim. The court advised Rodriguez several times that he was obliged to serve the full twenty-year sentence before he would be released from prison. Rodriguez's counsel also correctly advised him that, although officials of the Department of Corrections (DOC) considered a prisoner eligible for parole after he served half of his sentence, the DOC's position could change. Rodriguez therefore fails to show that his plea was unknowing due to misrepresentations. See Brady, 397 U.S. at 748; Iaea, 800 F.2d at 865.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3