Leonardo **PRECIADO**, aka **Enrique Garcia**, Petitioner–Appellant,

v.

**R.Q. HICKMAN**, Warden, et al., Respondents–Appellees.

No. 01–16170.
D.C. No. CV–00–03538–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Leonardo Preciado appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  Preciado's habeas petition challenges his California guilty plea conviction and sentence of 26 years to life for transporting and possessing methamphetamine, and driving without a license.  We review de novo the district court's dismissal of a petition for writ of habeas corpus, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Preciado contends that his trial counsel was ineffective, and that his guilty plea was involuntary, because counsel erroneously advised him that the trial court would strike some of Preciado's prior convictions and impose a sentence of only six years.  We are not persuaded.

To establish ineffective assistance of counsel, Preciado must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Preciado must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 56.

A defense counsel's inaccurate prediction of sentence, without more, does not

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

constitute ineffective assistance of counsel. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990). While there is an exception for cases involving the "gross mischaracterization of the likely outcome," *see Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986), and *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir.1994), *overruled on other grounds by statute*, 28 U.S.C. § 2253(c), this case is distinguishable.

In *Iaea*, counsel not only inaccurately predicted the guilty plea sentence, but misinformed the defendant of the consequences of going to trial, *see Iaea*, 800 F.2d at 864–65, while in *Chacon*, there was a claim of deliberate misrepresentation, *see Chacon*, 36 F.3d at 1462. Preciado does not allege either that counsel misinformed him of the consequences of going to trial or that counsel intentionally misled him. Counsel did move to strike some of Preciado's prior convictions, and he does not claim that counsel's efforts in that regard were insufficient. Further, at his change in plea hearing, Preciado acknowledged to the trial court that in pleading guilty no promises had been made to him and that he understood that he could be sentenced to imprisonment for 25 years to life.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.