Larry Gene MARTIN, Sr., Petitioner—Appellant,

v.

Mel THOMAS, Warden; Arizona Attorney General, Respondents—Appellees.

No. 04-16090.

D.C. No. CV-98-02151-EHC/JRI.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Submitted April 11, 2005.*

Decided April 21, 2005.

Lori L. Voepel, Kimerer & Derrick, PC, Phoenix, AZ, for Petitioner–Appellant.

Jon G. Anderson, John Pressley Todd, Cari McConeghy–Harris, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before LAY,** B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM***

■ Petitioner Larry Martin ("Martin") brought some 118 habeas claims to the district court. With one exception, we find no apparent merit to those claims and affirm the denial of habeas relief. The lone exception is Martin's ineffective assistance of counsel ("IAC") claim, arising out of representations made to him by his trial defense counsel concerning the state's plea offer and his sentencing exposure. Because we determine that Martin presents a colorable claim with respect to this issue, we remand it, and it alone, to the district court for an evidentiary hearing to determine whether Martin can demonstrate prejudice.

■ Martin's claims were not defaulted in state court. Under *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir.2005), we look to petitioner's briefing in the state court of last merits review to determine whether the claim has been "fairly pre-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sented" to the state courts. Among the claims set forth in his filings in the Arizona Court of Appeals, clearly present is Martin's IAC claim regarding the representations of counsel concerning his sentencing exposure.

To understand Martin's claim, it is necessary to unwind a factual mistake that began with the written plea offer and wound its way through the advice given Martin at the time of the offer, into the report of the magistrate judge and ultimately into the district court's order rejecting the claim: Martin's maximum exposure was forty-two years, *not* twenty-one years.[1]

Martin asserts that his counsel represented to him, based on the prosecutor's plea bargain letter, that the maximum sentence for the robbery, should he go to trial, would be twenty-one years, when in fact it was forty-two years (as Martin was sentenced). *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), applies the right to effective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to the plea process. Thus, Martin had the right to make an informed decision on whether to plead guilty or go to trial. *See Nunes v. Mueller,* 350 F.3d 1045, 1052 (9th Cir.2003).

Under *Hill,* Martin's burden is to show that his attorney's performance was deficient in not properly informing him of his maximum sentence exposure. "[T]he gross mischaracterization" of the likely outcome of a case, "combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." *Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir. 1986). For the prejudice prong, Martin "needed only to demonstrate that he had sufficient evidence for a reasonable fact finder to conclude with 'reasonable probability' that he would have accepted the plea offer, a probability 'sufficient to undermine the result' (*Strickland,* 466 U.S. at 694)." *Nunes,* 350 F.3d at 1054. While Martin presents a colorable claim, the problem in assessing both *Strickland* prongs is that neither the state court nor the district court provided Martin with an evidentiary hearing. Even respondent recognizes "the meager evidence on this issue."

The district court recognized that if Martin was advised that his maximum sentence was twenty-one years for the robbery, "arguably that estimate was grossly disproportionate to the 42–year sentence that the trial court imposed." Because of this, an evidentiary hearing is necessary to give Martin an opportunity to prove how his trial counsel erroneously advised him and to show a "reasonable probability"

1. The plea bargain letter stated:

Now that I have received your client's Aggravated DUI case, I am prepared to make a consolidated offer to your client. I have calculated your client's exposure, if the State is successful on the Armed Robbery as a dangerous offense, (minimum 7 years presumptive, 10.5 years aggravated, 21 years all "hard time") and the Aggravated DUI.... The law presumes that the sentences are to run consecutive to each other. The combined sentence could run from 8 years to 23.5 years.

Based upon the foregoing and the strength of the State's case, I feel that the following is an appropriate offer:
1. In CR 93–91482, Amended Count I, Aggravated Assault, a class 3 dangerous felony, with sentence no less than the presumptive. This means a sentencing range of 7.5 years to 15 years, "hard time".
2. In CR 93–92577, Count I, Aggravated DUI, a class 5 felony, stipulated prison, concurrent with CR 93–91482.
Under this plea agreement, the maximum sentence is 15 years hard time. After the trial the maximum sentence is 23.5.

that he would have accepted the plea offer. *Nunes,* 350 F.3d at 1054.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR AN EVIDENTIARY HEARING.**