**George Austin McCUTCHEON,**
**Petitioner—Appellant,**

v.

**Lori DICARLO, Warden, Respondent—**
**Appellee.**

No. 03–57240.

D.C. No. CV–02–00773–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 27, 2005.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Petitioner—Appellant.

Meagan J. Beale, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before REINHARDT, KOZINSKI and THOMAS, Circuit Judges.

REINHARDT, Circuit Judge, dissenting.

### MEMORANDUM *

Even if Petitioner's attorneys never communicated his precise maximum sentence exposure from proceeding to trial, they did let him know he had a prior strike, and they did advise him that his exposure was "horrible." E.R. at 211. As the Superior Court judge noted, Petitioner was not inexperienced in criminal matters and could be expected to understand the implications of the prior strike on the felony charges he was facing. E.R. at 234. In these circumstances, counsel's reference to "a horrible exposure" should have alert-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

ed Petitioner that he would be facing many years in prison if convicted. Counsel's assistance was not ineffective because it did not amount to a "gross mischaracterization of the likely outcome presented in the case." *Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986).

AFFIRMED.

REINHARDT, Circuit Judge.

Given the facts and the circumstances of this case, I conclude that counsel was ineffective when he failed, as the state court found, to advise the defendant of the minimum and maximum sentences he faced. I also conclude, given those facts and circumstances, that it was objectively unreasonable for the state court to determine that the defendant was not amenable to a plea. The record to the contrary is quite compelling.