An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
TERRANCE REED SMITH,
Respondent.

No. 66117

**FILED**

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court granting a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Terrance Reed Smith pleaded no contest to one count of child abuse resulting in substantial bodily harm and was sentenced to 24 to 96 months in prison. No direct appeal was taken. He filed a timely post-conviction petition for a writ of habeas corpus on April 8, 2013, claiming in part that his no-contest plea should be withdrawn because it was coerced and thus involuntary. The district court granted the petition based on that claim, and the State appeals that decision.

A no-contest plea is presumed valid, and Smith bore the burden below of demonstrating that it was not entered into knowingly, voluntarily, and intelligently. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), *limited on other grounds by Smith v. State*, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994); *see also State v. Lewis*, 124 Nev. 132, 134 n.1, 178 P.3d 146, 147 n.1 (2008) (noting that a no-contest plea is equivalent to a guilty plea insofar as how the court treats a defendant). Further, we "presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11353

a clear showing of an abuse of discretion." *Bryant* 102 Nev. at 272, 721 P.2d at 368.

Smith argued that his no-contest plea was not voluntary because it was coerced by representations that it was the only way that the Washoe County Department of Social Services (DSS) would fully reunite his wife and child. The district court made the following factual findings, which the State does not dispute: Smith's two-month-old daughter suffered a spiral fracture of her femur on November 30, 2010, purportedly while in Smith's care. Smith has always maintained his innocence of child abuse, but DSS concluded that Smith broke the leg in an act of child abuse and instituted an emergency safety plan. While Smith's wife often had physical custody, DSS had legal, and at times physical, custody of the infant. DSS's consent to reunifying Smith's wife and child both physically and legally "was solely dependent upon [Smith's] incarceration." After Smith was sentenced to prison in May 2012, DSS closed the case, returning legal and physical custody of the child to the mother. Based on its findings, the district court concluded that Smith was coerced into pleading no contest. The State argues on appeal that DSS's actions did not coerce Smith's no-contest plea.

The State first argues that the district court ignored important facts regarding Smith's behavior with DSS and regarding DSS's intent to protect the child. However, this evidence was presented to the district court, and it was the district court's province to weigh the evidence and state the facts as it found them. *See* NRS 34.830(1); *see also Bryant*, 102 Nev. at 272, 721 P.2d at 367-68 (noting the factual nature of an invalid-plea claim and that it is "the duty of the trial court to review the entire record to determine whether the plea was valid").

The State next argues that Smith's analogy to package plea deals, where a defendant pleads guilty in order to benefit a third party, does not apply. The district court did not base its decision on Smith's analogy.

The State next argues that the plea was not coerced just because it was motivated by a desire to avoid a more serious consequence. The district court specifically found, however, that there was no evidence to support the theory that Smith entered the no-contest plea to avoid a greater charge or to get a lesser penalty. Rather, the district court found that Smith was motivated by the "unique" circumstances of DSS's "inflexible," "unyielding," and "uncompromising" position in his family court case. The State has not demonstrated that the district court's decision was arbitrary, capricious, or exceeded the bounds of law or reason. *See Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) (defining "abuse of discretion").

The State finally argues that nothing about DSS's actions were unconstitutional and implies that constitutional, lawful actions of an agency cannot amount to coercion. In support, the State cites only to *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986), but that case tends to support the opposite conclusion. The defendant in that case argued that his guilty plea was coerced by a threat from his brother to withdraw bail and a threat from his counsel to withdraw from the case if he took it to trial. *Iaea*, 800 F.2d at 866-67. The Ninth Circuit Court of Appeals observed that voluntariness is determined based on an examination of the totality of the circumstances and, therefore, "[w]hen a guilty plea is challenged as being the product of coercion, [the court's] concern is not solely with the subjective state of mind of the defendant, but also with the constitutional

acceptability of the external forces inducing the guilty plea." *Id.* at 866. The reference to the "constitutional acceptability of the external forces inducing the guilty plea" does not relate to the constitutionality of the external forces in isolation but instead relates to whether the external forces, such as promises or threats, deprived the plea of the nature of a voluntary act, making the plea involuntary. *See id.* at 866-67. This is reflected in the Ninth Circuit's decision to remand in *Iaea* for the district court to determine whether the threats were made and, if so, to consider their coercive impact on the voluntariness of the plea, without finding that either challenged action was unconstitutional. *Id.* at 867-68. *Iaea* thus suggests that actions that may be lawful and constitutional can be unduly coercive and thereby render a plea involuntary.

We conclude that the State has failed to demonstrate that the district court abused its discretion in granting the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                                  Pickering

---

[1]We need not address Smith's argument that the district court's decision could be affirmed based on an alternative ground (newly discovered evidence) that was rejected below.

cc:   Hon. Scott N. Freeman, District Judge
Attorney General/Carson City
Washoe County District Attorney
Richard F. Cornell
Washoe District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A