**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK McALLISTER,

Defendant - Appellant.

No. 14-30097

D.C. No. 3:13-cr-05464-RBL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 7, 2015[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and GLEASON,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Defendant Patrick McAllister appeals the district court's imposition of three conditions of supervised release as part of his criminal sentence: (1) drug and alcohol testing, (2) a sexual deviancy evaluation, and (3) sexual deviancy treatment. The government argues that the appeal should be dismissed because McAllister waived his appellate rights as part of the plea agreement. We agree with the government that the waiver of appellate rights is valid and enforceable. Accordingly, we dismiss this appeal.

A waiver of appellate rights "is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). A waiver will not be enforced, even if it was knowing and voluntary, if the government breaches the plea agreement and thus releases the defendant from his promise not to appeal. *See United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1993).

Here, there is no dispute regarding the language prong, only the knowing-and-voluntary prong and the breach issue. A waiver is knowingly and voluntarily made if the guilty plea as a whole was knowing and voluntary. *Jeronimo*, 398 F.3d at 1154. A guilty plea is involuntary if a defendant is "induced by promises or threats which

2

deprive [the plea] of the nature of a voluntary act." *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (quoting *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986)). In determining whether a waiver is knowing and voluntary, "we must ask 'what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.'" *United States v. Medina-Carrasco*, No. 13-10397, 2015 WL 7740633, at *3 (9th Cir. Dec. 2, 2015) (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)). Similarly, in determining whether the government breached the agreement, "courts look to what was reasonably understood by the defendant when he entered his plea of guilty." *United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir. 1986) (quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979)).

We review de novo whether a guilty plea was voluntary, *United States v. Forrester*, 616 F.3d 929, 934 (9th Cir. 2010), and whether a defendant has waived his appellate rights pursuant to a plea agreement, *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). The standard of review for breach of a plea agreement is unclear, *see United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012), but whether it is de novo or clear error, the outcome of this case is the same.

Here, the record reflects that McAllister reasonably understood the terms of his plea agreement when he pled guilty. That McAllister did not know at the time that he pled guilty that the government would recommend special conditions did not render

3

his plea involuntary. In the plea agreement, McAllister expressly acknowledged that supervised release could be ordered, during which time he would be "subject to certain restrictions and requirements." He may not have known exactly what these conditions would be, but given his history, he reasonably should have understood that supervised release would likely include some conditions related to alcohol and to domestic violence or sex offender treatment. Drug testing is a mandatory and standard condition of supervised release, and therefore McAllister should have reasonably understood that it, too, was a likely condition of supervised release. *See* 18 U.S.C. § 3583(d); *cf. United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006) ("[I]mposition of . . . mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release."). In addition, he was warned repeatedly at the change of plea hearing that the sentencing judge could deviate from the parties' recommendation and agreed to plead guilty knowing that neither party could dictate what conditions of supervised release the judge would impose.

As for McAllister's breach-of-the-plea-agreement theory, the parties' agreement did not include any promises regarding special conditions of supervised release. Consequently, there was no promise for the government to breach. *United States v. Kamer*, cited by McAllister, is distinguishable from this case. In *Kamer*, a pre-Sentencing Guidelines case, we held that the court's imposition of a term of

4

probation breached a binding plea agreement when the plea agreement was silent as to probation and the record showed that Kamer had a reasonable expectation of literal compliance with the plea agreement. 781 F.2d at 1387. In contrast, here, the agreement explicitly provided for supervised release and noted that certain conditions would be imposed. To the extent McAllister interpreted the plea agreement's failure to identify specific conditions as a promise by the government not to seek the conditions at issue, that interpretation had no reasonable basis.

Since the guilty plea was knowing and voluntary and the government did not breach the plea agreement, the waiver of appellate rights in the plea agreement is valid and enforceable, and we dismiss this appeal without reaching the merits of the remaining issues.

**DISMISSED.**