101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Balli CASTILLO, Petitioner-Appellant,
v.
George BALDWIN, Superintendent, Eastern Oregon Correctional
Facility, Respondent-Appellee.
 No. 96-35178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 13, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Balli Castillo appeals the district court's denial of his petition for writ of habeas corpus and, alternatively, his request for an evidentiary hearing regarding the voluntariness of a 1991 no contest plea to twelve counts of first degree sexual abuse. The district court had jurisdiction under 28 U.S.C. §§ 2241, 2254. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm.
 
 
 3
 * Castillo argues that his plea of no contest was involuntary as a matter of law because the trial court failed to conduct a proper plea colloquy, and he was subjected to improper and undue coercion in the taking of his plea. In a related argument, he contends that he was denied effective assistance of counsel because his attorney pressured him to enter the no-contest plea and assured him, incorrectly, that he would be put in a hospital for treatment if he did so.
 
 
 4
 We review the district court's denial of Castillo's habeas petition de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996). The voluntariness of Castillo's guilty plea is a matter of law not subject to deferential review. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 5
 * Castillo argues that the pressures put on him exceeded the limits of acceptable attorney conduct, as he was depressed and suicidal at the time of his plea; the plea occurred at 12:30 on the date of trial; Castillo had been talked to for the preceding three hours by his lawyer, his lawyer's partner and the prosecutor; and Castillo did not want to admit guilt, but finally agreed to the no contest plea based on assurances by his lawyer that he would be released from prison in six months or sent to a state hospital. While coercion by an accused's counsel may render a plea involuntary under certain circumstances, Iaea, 800 F.2d at 867, "[m]ere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion." Id. The record discloses that nothing beyond this occurred; there is no evidence of any threat of any sort, or of any coercive statement, that would render his plea involuntary as a matter of law. Nor does the record show coercive "coaching." Accordingly, no basis appears to invalidate Castillo's plea on account of undue attorney coercion.
 
 B
 
 6
 Castillo also contends that the state trial court failed to conduct a proper plea colloquy to insure that his plea was voluntary and knowing. It appears that Castillo waived this issue by not raising or arguing it in the district court. However, even assuming the issue was preserved, we disagree that the colloquy was constitutionally deficient. Castillo's plea petition was in his own handwriting. It detailed Castillo's understanding of what his constitutional rights were (including the privilege against self-incrimination, right to jury trial, and right to confront accusers), and that these rights were being waived by his plea of no contest. It also acknowledged that Castillo was signing the plea petition, and entering the plea, voluntarily, intelligently, and knowingly.
 
 
 7
 The judge specifically questioned Castillo about the terms of his plea, the factual basis set out in the petition, and his waiver of a jury trial. The judge also directly confirmed Castillo's understanding that the court would not exceed the state's recommended sentence of twenty years with sex offender treatment. Thus, the colloquy, in light of what Castillo clearly stated in his plea petition, reflects "an affirmative showing that [the plea] was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 8
 Once the Boykin requirements are satisfied, as we conclude they were here, it does not matter that all of the Rule 11 requirements were not met, as Castillo contends, because Rule 11 is not binding on a state court except to the extent grounded in the Constitution. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Nor, as we shall explain, is Castillo's plea rendered involuntary on account of counsel's prediction that he would either be out of prison in six months or be sent to a hospital. Considering the totality of circumstances, including the fact that Castillo, both in his petition and in open court, indicated his understanding that the court could sentence up to the maximum recommended, we conclude that his plea was not involuntary.
 
 C
 
 9
 Castillo argues that he was denied effective assistance of counsel because his attorney pressured him into entering the no-contest plea and erroneously assured him of placement in a hospital if he did so.
 
 
 10
 To prevail, Castillo must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's behavior fell beneath "an objective standard of reasonableness"; and (2) "prejudice," such that "there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). We have already concluded that Castillo's attorney did nothing more coercive than strongly to advise him to accept the offer. Assuming that counsel also told Castillo (as Castillo says he did)[1] that if he pleaded no contest he would probably be out of prison in six months or be sent to a state hospital for sex-offender treatment, "mere inaccurate prediction, standing alone, would not constitute ineffective assistance." Iaea, 800 F.2d at 865. Unlike Iaea, where counsel seriously erred in telling the defendant that he was subject to a minimum sentencing statute that in fact did not apply, and gave erroneous advice about the possible effects of going to trial, there is no indication that Castillo's counsel grossly mischaracterized what the judge would likely do or gave any erroneous advice about the consequences of going to trial and losing. Indeed, Castillo acknowledged in his plea petition that he was eligible for a maximum sixty-year term, and that he understood that if he entered a no-contest plea the government would recommend twenty years with sex offender treatment. A plea is not invalid simply because "the defendant did not correctly assess every relevant factor entering into his decision." Brady v. United States, 397 U.S. 742, 757 (1970). Taken in context, we cannot say that counsel's performance was deficient just because his forecast about the likely outcome turned out to be wrong.
 
 
 11
 Since Castillo has not demonstrated deficient performance, we do not reach the issue of prejudice.
 
 II
 
 12
 Alternately, Castillo contends that an evidentiary hearing is necessary because the state proceedings were so deficient that the findings are untrustworthy. He specifically complains that trial counsel's affidavit for use in the state post-conviction proceeding incorrectly states that the trial court accepted Castillo's plea only after carefully questioning him about the plea's consequences; and that his post-conviction counsel's indifference or hostility kept him from fleshing out the facts adequately to develop Castillo's claims.
 
 
 13
 The district court did not abuse its discretion in denying an evidentiary hearing. See Bonin v. Calderon, 59 F.3d 815, 827-28 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996). To the extent that trial counsel's affidavit was silent or inaccurate, Castillo could have developed the factual record at his post-conviction hearing but failed to do so. Given this procedural default, Castillo is only entitled to an evidentiary hearing "if he can show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure." Keeney v. Tamayo-Reyes, 504 U.S. 1, 11 (1992). Even if the hostility or indifference of his appointed counsel at the post-conviction hearing constituted cause, he cannot demonstrate prejudice. At best, Castillo might have developed facts to corroborate his recollection that trial counsel told him he would likely spend six months in prison or be sent to a hospital for treatment if he pleaded no contest; even so, as we have concluded, this would not render counsel's performance deficient.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Counsel did not testify at Castillo's post-conviction proceeding, and his affidavit does not discuss what he may have told Castillo about the likely sentence. However, Castillo testified at his post-conviction hearing that counsel said "if you plead no contest you'll still, you'll probably see a board.... and they'll put you out within maybe 6 months, you'll go to a hospital...."