**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JASPER KNABB, Defendant-Appellant. | No. 19-16097 D.C. Nos. 11-CR-00009-JSW 15-CV-01251-JSW MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted July 7, 2021
San Francisco, California

Before: TASHIMA and GRABER, Circuit Judges, and VRATIL,[**] District Judge.
Dissent by Judge TASHIMA

Defendant Jasper Knabb pleaded guilty to conspiracy to commit securities

fraud in violation of 18 U.S.C. § 1349, securities fraud in violation of 18 U.S.C.

§ 1348 and falsifying books, records and accounts in violation of 15 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

§§ 78m(b)(2)(A), 78m(b)(5) and 78ff. Defendant appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255, asserting that his first counsel provided ineffective assistance during plea negotiations and that replacement counsel failed to file a motion to withdraw his guilty plea before sentencing. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Reviewing de novo the district court's denial of a § 2255 motion, United States v. Olsen, 704 F.3d 1172, 1178 (9th Cir. 2013), and reviewing for abuse of discretion its denial of an evidentiary hearing, id., we affirm.

1. As to the claim that counsel did not correctly advise Defendant of the probable sentence, we address only the prejudice prong. See Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong" of the test from Strickland v. Washington, 466 U.S. 668 (1984), "obviates the need to consider the other"). Defendant has not alleged facts that would show a reasonable probability that, absent the purported advice, "he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Defendant alleged that "had he known that the guilty plea would cause his imprisonment for 21 years, he would have taken the risk of trial . . . since the maximum statutory penalty [was] 25 years." Here, prejudice is not assessed by the disparity between the predicted and actual sentences. Instead, the question of prejudice is whether Defendant would have pleaded guilty or insisted on going to

2

trial if counsel had correctly advised him of the *possibility* that his guilty plea could result in a sentence of 21 years after enhancements and an upward variance. Defendant's course of conduct after his guilty plea belies any claim that if initial counsel had correctly advised him of his potential sentencing exposure, he would have insisted on going to trial. At the first sentencing hearing, the district court warned that several sentencing enhancements not mentioned in the plea agreement might apply and that it needed more time to assess the matter. The Probation Officer then issued an amended presentence investigation report that applied a four-level enhancement for Defendant's role in the offense, U.S.S.G. § 3B1.1(a), and a four-level enhancement for officers and directors of publicly traded companies who violate securities law, U.S.S.G. § 2B1.1(b)(18)(A).[1] The Probation Officer recommended a sentence of 210 months, which was the low end of the calculated guideline range of 210 to 262 months (21 years and 10 months).

Defendant then asked his replacement lawyers to withdraw his guilty plea. They recommended that he not do so, and Defendant makes no allegation that he rejected that advice or otherwise pursued his request to file a motion to withdraw, either through his replacement lawyers of record or additional counsel that he had retained. Likewise, at sentencing during allocution, Defendant did not suggest that prior counsel had misled him about his sentencing exposure and he did not express

_____

[1] The current Guidelines Manual recodifies this provision at § 2B1.1(b)(20)(A).

any desire to withdraw his plea and proceed to trial. In other words, even after learning that his original counsel had grossly misstated his exposure under the Guidelines, Defendant chose *not* to request that the district court allow him to withdraw his plea and proceed to trial. Accordingly, he cannot establish prejudice on his claim that during plea negotiations, counsel did not correctly advise him about his sentencing exposure.

2. As to the claim that counsel should have filed a motion to withdraw the plea before sentencing, we address only whether counsel's performance was deficient. The district court correctly determined that Defendant did not meet his burden on this prong. After Defendant asked his replacement attorneys to file a motion to withdraw the plea, they explained that despite the district court's comments that the agreed guideline range seemed incorrect and low, (1) the government agreed to abide by the plea agreement, (2) withdrawing the plea could result in a harsher sentence, (3) withdrawing the plea could result in additional charges and (4) based on the United States Attorney's representation, withdrawing the plea would result in a trial. In addition to the obvious risks of withdrawing the plea and going to trial or pleading guilty without an agreement, counsel had a reasonable basis to argue at sentencing that consistent with the plea agreement, the government's consent and the sentence imposed on a co-defendant, the court should apply the agreed guideline range of 63 to 78 months or—if a higher range applied—

that the district court should vary downward.  Therefore, counsel's advice about the risks of withdrawing from the plea falls within the "wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

In any event, Defendant has not cited record evidence that counsel "refused" to file a motion to withdraw the plea.  Counsel simply advised Defendant that they thought the risks of filing the motion outweighed the benefits.  They also informed him of the procedures and deadline for filing such a motion.  Defendant has not alleged that after receiving such advice, he insisted that counsel file the motion.  In fact, the record does not show that Defendant responded to this advice.  Also, Defendant does not explain why he did not pursue the motion with substitute counsel, whom he had recently hired.  Likewise, the record does not reveal that, at sentencing or otherwise, Defendant ever alerted the court that he wanted to withdraw his plea.  Defendant may regret his gamble to proceed with sentencing, but that regret provides no grounds for relief.  In sum, Defendant has not alleged sufficient facts to establish that counsel's performance was deficient.

3.     Because Defendant's motion and the record conclusively show that he was not entitled to relief on his ineffective assistance claims, the district court did not abuse its discretion in refusing to hold a hearing.  See 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing.").

**AFFIRMED**.

TASHIMA, Circuit Judge, dissenting:

"When a prisoner files a § 2255 motion, the district court *must* grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255) (emphasis added). Knabb alleges ineffective assistance by his first attorney, Christopher Bruno, for advising him to enter into a plea agreement whose projected sentence, undoubtedly, was a "gross mischaracterization of the likely outcome" in the case. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). He also alleges ineffective assistance by replacement counsel, Kirk Elliott and Mark Goldrosen, who advised him not to withdraw his guilty plea. The majority rejects Knabb's allegation regarding Bruno on the ground that he failed to demonstrate prejudice and regarding Elliott and Goldrosen on the ground that their advice was not deficient. However, Knabb's allegations raise important fact-bound questions regarding the effectiveness of counsel that cannot be resolved on this record. I therefore would reverse and remand because, at the very least, the matter deserves and needs an evidentiary hearing to resolve the serious factual issues raised by Knabb.

The majority does not dispute that the agreed-upon sentence in the plea

agreement grossly mischaracterized the likely outcome. In the plea agreement, the government agreed to recommend an adjusted offense level of 26, with a Guidelines exposure of 63 to 78 months. According to Knabb's declarations submitted in support of his § 2255 motion, his attorney advised him to accept the agreement, assuring him that he "would likely do only months of time."

However, at the first sentencing hearing, where Knabb was represented by Elliott and Goldrosen, the district court made it clear that it disagreed with the offense level agreed upon by the parties. The court raised several enhancements it believed were applicable, including enhancements for being an organizer, the number of victims, and obstruction of justice; it ordered a supplemental Presentence Report (PSR) and supplemental briefing by the parties. The supplemental PSR recommended an offense level of 39, thirteen levels higher than in the plea agreement, which resulted in a Guidelines range of 262 to 300 months.

In light of the district court's indication that it disagreed with the sentencing range set forth in the plea agreement and that other enhancements applied, Knabb asked Elliott and Goldrosen to withdraw his plea. They responded that they were hired only to represent him at sentencing, not to file a motion to withdraw the plea, and advised him not to withdraw the plea. The court sentenced Knabb to a term of 253 months' imprisonment.

Given that the plea agreement recommended a sentence between 63 and 78 months and that Knabb was sentenced to 253 months, it is difficult to understand the district court's conclusion that Knabb failed to show that Bruno grossly mischaracterized the likely sentence. The majority concludes that, although Bruno's advice about the sentence may have been deficient, there was no prejudice because Knabb was correctly informed by the district court of his potential sentencing exposure and decided to plead guilty anyway. The majority's "no prejudice" characterization, however, is not the controlling issue. The relevant question under our case law is whether Knabb would have pled guilty *if* he had been properly advised by his *attorneys*. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (explaining that to show prejudice, "a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,'" and that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different *with competent advice*" (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))) (emphasis added); *Iaea*, 800 F.2d at 865 ("To satisfy the prejudice component in the context of a guilty plea, the defendant 'must show that there is a reasonable probability that, *but for counsel's errors*, he would not have pleaded guilty and would have insisted on going to trial'" (quoting *Hill v. Lockhart*, 474

3

U.S. 52, 59 (1985))) (emphasis added). It was Knabb's counsel's duty, not the district court's duty, to advise Knabb whether or not to plead guilty.

Our precedent establishes that counsel's "gross mischaracterization of the likely outcome" may constitute ineffective assistance. *Iaea*, 800 F.2d at 865. Contrary to the majoriy's assertion, that the defendant may have been properly informed by the court does not mean there is no prejudice. *See, e.g., United States v. Manzo*, 675 F.3d 1204, 1208-10 (9th Cir. 2012) (reversing denial of § 2255 motion and remanding for "prejudice analysis of whether if correctly advised" of the effects of grouping on the offense level and on acceptance of responsibility, the defendant would have pled guilty, even though the PSR had informed him of the proper sentencing range).

In *Manzo*, the PSR clearly informed the defendant of the applicability of a grouping provision that yielded an offense level of 38, not the level of 34 agreed to by the parties in the plea agreement. The defendant's attorney filed objections to the PSR but did not advise him to seek to withdraw from the plea agreement in light of the agreement's failure to take into account the grouping provision. After the higher sentence indicated by the PSR was imposed, the defendant filed a § 2255 motion, arguing that "his attorney gave him ineffective assistance of counsel by not anticipating that the offenses would be grouped for sentencing, and by not

4

advising [him] to withdraw from the plea agreement once it was clear that the offenses would be grouped for sentencing." *Id.* at 1209. We reversed the district court's denial of the motion. *Id.* at 1210.

Thus, the PSR in *Manzo* informed the defendant of the proper calculation of the sentence. Nonetheless, the issue was whether the *attorney* gave ineffective assistance by failing to advise the defendant to withdraw from the plea agreement after it was obvious the sentence in the plea agreement was not accurate. Similarly, Knabb was informed of the potential maximum sentence by the court, but this is not the same as receiving advice from counsel about whether or not to enter into the plea agreement. As in *Manzo*, Knabb argues that his counsel was ineffective for failing to anticipate the applicability of several enhancements that clearly applied and by not advising him to withdraw from the plea agreement after the district court and the supplemental PSR made it clear that the calculation of the sentence in the plea agreement was grpss;y inaccurate.

Bruno should have at least advised Knabb that the court most likely would apply the four-level enhancement under U.S.S.G. § 2B1.1(b)(18)(A) because the offense obviously involved a violation of the securities laws and Knabb was an officer or director of a publicly-traded company. In fact, because of the clear applicability of this enhancement, it should have been apparent not only to Bruno

5

that the plea agreement grossly underestimated the likely sentence, but also to Elliott and Goldrosen. Elliott and Goldrosen further had the benefit of the supplemental PSR and the district court's obvious disagreement with the sentence recommended in the plea agreement.[1] I therefore disagree with the majority that counsel's advice not to withdraw from the plea agreement was not deficient.

"A claim must be 'so palpably incredible or patently frivolous as to warrant summary dismissal' in order to justify the refusal of an evidentiary hearing." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (quoting *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003)). Knabb has "allege[d] specific facts which, if true, would entitle him to relief" – that Bruno drastically underestimated the sentence he would receive and that Elliott and Goldrosen failed to move to withdraw his plea after counsel was requested to do so and after it was clear the

---

[1] I further note that Elliott's initial response was that he and Goldrosen were not hired to file a motion to withdraw, but only to represent Knabb at sentencing. However, "[a]n attorney owes a professional duty of care to every person with whom that attorney has an attorney-client relationship." *Streit v. Covington & Crowe*, 98 Cal. Rptr. 2d 193, 197 (Ct. App. 2000). The attorney in *Streit* made only a special appearance – how much more so is a criminal defense attorney required to act in a client's best interests, even if the circumstances indicate that the nature of the representation has changed. In fact, the California Rules of Court, which provide rules for limited-scope representation in civil cases, provide no similar rules in criminal cases. *See* Cal. Rules of Court, rules 3.35-3.37.

6

sentence would be much longer than Knabb had been told. *Id.* And, "the petition, files and record of the case cannot conclusively show that he is entitled to no relief" because the claims involve extra-record events. *Id.*; *see also Manzo*, 675 F.3d at 1210 (reversing the denial of § 2255 motion and remanding where the record did not "contain the historical views of defense counsel" or of the defendant on "whether if correctly advised [the defendant] would have pleaded guilty anyway and declined the chance to withdraw his plea and go to trial"). I therefore conclude that the district court's failure to hold an evidentiary hearing constituted an abuse of discretion. *See Chacon-Palomares*, 208 F.3d at 1158–60 (concluding that the district court erred in denying a § 2255 motion without an evidentiary hearing where the defendant, who received a 108-month sentence, argued that his lawyer was ineffective because he induced him to reject a plea offer by incorrectly informing him that he faced a maximum sentence of six months); *Chacon v. Wood*, 36 F.3d 1459, 1464–65 (9th Cir. 1994) (remanding for evidentiary hearing where § 2254 petitioner alleged that "he was presented with a gross mischaracterization of the likely outcome – he alleges that he was told that he would serve only three months in jail if he pleaded guilty, but he has been forced to serve ten years imprisonment," and that, "absent this erroneous advice, he would not have pleaded guilty"), *superseded by statute on other grounds as stated in Hall v. City of Los*

7

*Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012).

For the foregoing reasons, I would remand for an evidentiary hearing. I respectfully dissent.